AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Western District of Texas

| | | |
|---|---|---|
| United States of America<br>v.<br><br>Jaime Albert QUINTANILLA-Chavez<br><br><br><br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of June 20, 2025 in the county of Bexar in the Western District of Texas , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18/111(a)(1)(b) | Assaulting, Resisting, or Impeding Certain Officers or Employees<br><br>PENALTIES:<br>20 years imprisonment, $250,000 fine, 3 years supervised release, $100 mandatory special assessment. |

This criminal complaint is based on these facts:

☒ Continued on the attached sheet.

STEVEN FUENTES   Digitally signed by STEVEN FUENTES
Date: 2025.06.20 15:10:14 -05'00'

*Complainant's signature*

Steven Fuentes, HSI, SA

*Printed name and title*

☐ Sworn to before me and signed in my presence.
☒ Sworn to telephonically and signed electronically.

Date:

*Judge's signature*

City and state:   San Antonio, Texas

Richard B. Farrer, US Magistrate Judge

*Printed name and title*

**DEFENDANT'S EXHIBIT**

**4**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Steven Fuentes, a Special Agent with Homeland Security Investigations, being duly sworn, depose and state as follows:

1.      I am a Special Agent (SA) employed by the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and I have been so employed since November 2008. Prior to becoming a Special Agent with HSI, I was employed by ICE Enforcement and Removal Operations (ERO) as an Immigration Enforcement Agent in Los Fresnos, Texas, and had been so employed since September 2007. Prior to ICE ERO, I was employed by the United States Border Patrol (USBP) as a Border Patrol Agent (BPA) beginning in July of 2005. To date I have over 19 years of law enforcement experience.

2.      On June 20, 2025, Homeland Security Investigations (HSI), ICE Enforcement and Removal Operations (ICE-ERO), and Texas Department of Public Safety (TxDPS) were conducting surveillance at a residence on Benrus, in San Antonio, Texas, in the Western District of Texas.  Database checks indicated that **Jaime Albert QUINTANILLA-Chavez**, with a Final Order of Removal from an Immigration Judge, was residing at the above address.  At approximately 0715 a.m., **QUINTANILLA** exited the residence and entered a white Dodge Ram.  The Dodge Ram was towing a trailer containing construction equipment. Both license plates for the truck and trailer were expired.

3.      An HSI Special Agent (SA) assisting ICE-ERO followed the Dodge Ram in his assigned government vehicle.  After **QUINTANILLA** turned left on Culebra Rd, the HSI SA engaged his emergency lights and siren to initiate a vehicle stop.  **QUINTANILLA** then made a right turn on Consuelo Rd and came to a stop on the right side of the street. An ICE-ERO Officer stopped behind the HSI SA's vehicle with his emergency lights engaged, and both approached the vehicle.  TxDPS Criminal Investigations Division (CID) Special Agents (SA) were parked further down the street. ICE-ERO approached the driver's side, and the HSI SA approached the passenger side of **QUINTANILLA's** vehicle.  HSI SA observed **QUINTANILLA** not answering or responding to ICE-ERO's questions.  **QUINTANILLA** refused to lower the window, open the door, answer questions, cooperate with agents or officers, or follow any commands.

4.      After multiple attempts to get **QUINTANILLA** to lower the window or answer any questions, the HSI SA walked around to the driver's side of **QUINTANILLA's** vehicle.  HSI SA told the suspect to lower the window. **QUINTANILLA** ignored him.  HSI SA tried to open the driver's side door, but it was locked.  As the HSI SA attempted to break the driver's side glass with a glass-breaching tool in his right hand, **QUINTANILLA** put his vehicle in drive and started to flee the scene in his vehicle.  The sudden movement caused the shards of glass to catch and cut the HSI SA's arm.  TxDPS CID SA's blocked **QUINTANILLA's** vehicle by pulling in

front of him.  HSI SA returned to his vehicle and pulled up approximately a car length behind **QUINTANILLA**'s vehicle to block him from reversing to flee the area.  HSI SA put his vehicle in park. At that moment, **QUINTANILLA** put his car in reverse, ramming the HSI SA's vehicle. The HSI SA was forced to quickly move out of the way so he would not be injured by **QUINTANILLA's** reversing vehicle, being used as a deadly weapon. The trailer attached to **QUINTANILLA's** vehicle collided with the front of HSI SA's vehicle.  HSI SA approached the driver's side of **QUINTANILLA's** vehicle, removed broken glass from with window, and opened the door from the inside to remove **QUINTANILLA**. ICE-ERO gave **QUINTANILLA** multiple verbal commands to exit the vehicle and attempted to pull **QUINTANILLA** from the vehicle.  **QUINTANILLA** refused to exit the vehicle and resisted ICE-ERO's attempts to extract him from the vehicle.  TxDPS CID SA's quickly approached the vehicle and assisted in removing **QUINTANILLA** from the vehicle and restrained him in handcuffs. **QUINTANILLA** fought the law enforcement officers and forcibly, resisted, opposed, impeded, and interfered with official law enforcement duties.

5.      The HSI SA's vehicle obtained damage to the front bumper and grill from the impact of the trailer connected to **QUINTANILLA**'s vehicle.  HSI SA also obtained cuts on his right arm from when he smashed the glass when **QUINTANILLA** attempted to flee the scene.  HSI SA was taken to the Texas Med Clinic for treatment of the wounds on his right arm.

6.      **QUINTANILLA** used his truck and trailer as a deadly weapon, and his fleeing in the vehicle caused bodily injury to an HSI SA, requiring medical care. Based on the facts as stated in this document, there is probable cause to **Jaime Albert QUINTANILLA-Chavez** has committed federal offenses in violation of Title 18 U.S.C. § 111(a)(1)/(b), Assaulting, Resisting, or Impeding Certain Officers or Employees.

STEVEN FUENTES
Digitally signed by STEVEN FUENTES
Date: 2025.06.20 15:10:46 -05'00'

Steven Fuentes, Special Agent
Homeland Security Investigations


SWORN TELEPHONICALLY ON THIS _____ DAY OF June, 2025.


HONORABLE JUDGE RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**UNITED STATES OF AMERICA**

Plaintiff

v

Jaime Albert QUINTANILLA-Chavez

Defendant

**GOVERNMENT'S MOTION FOR DETENTION HEARING,**
**FOR DETENTION, AND FOR CONTINUANCE**

TO THE UNITED STATES MAGISTRATE JUDGE:

The Government, by and through the United States Attorney for the Western District of

Texas and the undersigned Assistant United States Attorney, and pursuant to 18 U.S.C. § 3141, *et.*

*seq*, moves for pretrial detention of Defendant; for a detention hearing regarding the above-named

Defendant; and for a continuance of said hearing. In support of these motions, the Government

shows as follows:

**I.      MOTION FOR DETENTION HEARING**

The Government requests that a hearing be set regarding detention pursuant to 18 U.S.C.

§ 3142(f), as this matter involves one of more of the following:

☐      an offense with a maximum sentence of life imprisonment or death

☐      a qualifying controlled substance offense with a maximum sentence of 10 years or more

☐      a felony offense that involves the possession or use of a firearm (including but not limited to felon in possession of a firearm), destructive device, or any other dangerous weapon

☐      a felony offense that is a crime of violence as defined under 18 U.S.C. § 3156(a)(4) to include a felony offense under 18 U.S.C. chapter 77, 109a, 110 or 117

1

☐      a felony offense that involves a minor victim

☐      an offense that involves failure to register as a sex offender under 18 U.S.C. § 2250

☑      a serious risk that the Defendant will flee

☐      a serious risk that the Defendant will obstruct or attempt to obstruct justice

## II.     MOTION FOR DETENTION

*Grounds for detention.* The Government further requests that Defendant be detained pending trial in this case pursuant to 18 U.S.C. §§ 3141(a) and 3142(e), because no condition or combination of conditions will reasonably assure:

☑      Defendant's appearance as required

☐      the safety of any other person or the community

## III.     MOTION FOR CONTINUANCE

*Three-day continuance.* Pursuant to 18 U.S.C. § 3142(f), the Government moves for a three-day continuance of the detention hearing in the matter.

## IV.     NOTICE OF REBUTTABLE PRESUMPTION IN FAVOR OF DETENTION

*Presumption of detention.* In addition, the Government gives notice that 18 U.S.C. § 3142(e)(3) establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community, because there is probable cause to believe that Defendant committed:

☐      a qualifying controlled substance offense with a maximum sentence of 10 years or more

☐      an offense under 18 U.S.C. § 924(c)

☐      an offense under 18 U.S.C. chapter 77 for which a maximum term of imprisonment of 20 years or more is prescribed

☐      a qualifying offense involving a minor victim

**V.    NOTICE OF APPLICABILITY OF TEMPORARY DETENTION OF UP TO 10 DAYS**

*Temporary detention.*  The Government gives notice, pursuant to 18 U.S.C. § 3142(d), that Defendant is subject to temporary detention of up to ten days, as Defendant may flee or pose a danger to any other person or the community, and Defendant was:

☐    at the time the offense was committed, on release pending trial for a felony offense

☐    at the time the offense was committed, on release pending imposition or execution of sentence, appeal of sentence or conviction, or completion of sentence for an offense

☐    at the time the offense was committed, on probation or parole for an offense

☑    not a United States citizen or lawfully admitted for permanent residence

Respectfully submitted,

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

BY:    _____/s/_____
SARAH WANNARKA
Assistant United States Attorney
601 NW Loop 410, Suite 600
San Antonio, Texas 78216-5512
Phone: (210) 384-7100
Email: Sarah.Wannarka@usdoj.gov

3

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| Plaintiff | |
| **v** | |
| Jaime Albert QUINTANILLA-Chavez | |
| Defendant | |

## ORDER

On this date the Court considered the Government's Motion to Detain Defendant, and the Court having reviewed said motion finds that it should be **GRANTED.**

**IT IS HEREBY ORDERED** that the Government's Motion to Detain Defendant is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's bond hearing is set for _____ at _____ a.m. / p.m.

SIGNED AND ENTERED on: _____, 2025.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

4