UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA )
)
v. ) No. 5:25-cr-00388-XR-1
)
JAIME ALBERTO QUINTANILLA-CHAVEZ, ) San Antonio, Texas
) June 23, 2025
Defendant. )
)

TRANSCRIPT OF INITIAL APPEARANCE
BEFORE THE HONORABLE ELIZABETH S. CHESTNEY
UNITED STATES MAGISTRATE JUDGE

COURT RECORDER: FTR Gold

Proceedings reported by electronic sound recording. Transcript produced by computer-aided transcription.

*(2:24 p.m.)*

THE COURT: You may be seated.

THE CLERK: United States of America v. Alberto Rocha, SA:25-MJ-943; United States of America v. Jaime Albert Quintanilla-Chavez, SA:25-MJ-947.

Please raise your right hand to be sworn in.

*(The oath was administered in Spanish through the official court interpreter)*

THE CLERK: Thank you. You may lower your hands.

THE COURT: Okay. Good afternoon. We're here today for your initial appearance. The purpose of this hearing is to go over your basic rights, to advise you of the charges that have been filed in your case and to address issues related to your detention and potential for release on bond.

There are two of you here together in the courtroom. We do make our record by recording this proceeding today. So if I ask a question that requires an answer, I'll ask it and then call your name. If you can answer one at a time and out loud, we'll make a record in each of your cases.

Both of you do have the right to remain silent. What that means is you're not required to make any statements to law enforcement. If you choose to waive that right and you begin to speak, you are allowed to stop at any time. But if you do make any statements, including today during this proceeding, they can be used against you later. You do have the right to

have an attorney present with you during any conversation you have with law enforcement.

For purposes of today, we do have a representative, Mr. Almanzan, here from the Federal Public Defender's office. He's available to answer questions that you might have during the hearing today since you've not yet had a lawyer appointed for you in your case.

My first question for each of you is whether there's anything interfering with your ability to understand me today. That could be a medical condition, a mental health issue, medicines, drugs, alcohol. I'll start with Mr. Rocha.

DEFENDANT ROCHA: (Inaudible).

THE COURT: Mr. Quintanilla?

DEFENDANT QUINTANILLA-CHAVEZ: No.

THE COURT: Okay. I'm now going to go over the charges filed in each of your cases.

Mr. Rocha, have you received a copy of the complaint in your case?

DEFENDANT ROCHA: Yes, ma'am.

THE COURT: Okay. In this complaint you've been charged with a single offense of possession with the intent to distribute 50 grams or more of methamphetamine. If the government can prove this charge, the minimum term of imprisonment that would be imposed would be five years, but it could be up to 40. The maximum fine that could be imposed

would be five million dollars. There's a mandatory minimum of four years of supervised release, but it could be up to life. And there's a hundred dollar mandatory special assessment.

Do you understand the charge against you and the minimum and maximum penalties that the statutes that apply to your case allow?

DEFENDANT ROCHA: Yes, ma'am.

THE COURT: Okay. All right. Mr. Quintanilla, in your case you've been charged by way of a criminal complaint. Was this translated for you prior to the hearing?

DEFENDANT QUINTANILLA-CHAVEZ: Yes.

THE COURT: This complaint charges you with the single offense of assaulting, resisting or impeding certain officers or employees of the federal government. The maximum penalties that would apply in your case could be up to 20 years in prison, up to a $250,000 fine, up to three years of supervised release. And there's a $100 mandatory special assessment.

Do you understand the charge against you and the maximum penalties that apply?

DEFENDANT QUINTANILLA-CHAVEZ: Yes.

THE COURT: Both of you have the right to be represented by an attorney in all future court proceedings. Part of that right does include the right to hire an attorney of your choice. But if you cannot afford an attorney, then the Court will appoint one for you.

I'm going to go over the affidavits that you all signed and include your financial information.

Mr. Rocha, is all this information about your finances true and correct?

DEFENDANT ROCHA: Yes, ma'am.

THE COURT: Okay. You qualify for court-appointed counsel.

Mr. Quintanilla, is this information that you have about your finances true and correct?

DEFENDANT QUINTANILLA-CHAVEZ: Yes.

THE COURT: Okay. And you have -- you have kids; is that correct? Or no? No dependents? Okay.

DEFENDANT QUINTANILLA-CHAVEZ: (Inaudible).

THE COURT: Okay. You do qualify because it says you'll lose your job probably after this arrest. But I do see that you have some amount of money in savings. I just have to let you know that you could be required to pay some amount towards your defense at the end of your case if it's determined that you have anything available to help with that. Okay? You understand? But I'll appoint you a lawyer.

DEFENDANT QUINTANILLA-CHAVEZ: Yes.

THE COURT: Because you've both been charged by way of complaints, you do have the right to have a preliminary hearing on the charge. The purpose of the preliminary hearing is to determine if there's probable cause to believe that you've

committed the offense that you've been charged with. Sometimes defendants waive their preliminary hearing and just move on to the next step in their case. But that isn't something that you have to make a decision about today. I'll put your preliminary hearing on the calendar. You can talk to your lawyer and decide together if you want to have that hearing or waive it.

You both understand? You can answer together. You understand?

DEFENDANT QUINTANILLA-CHAVEZ: Yes.

DEFENDANT ROCHA: (Inaudible).

THE COURT: Okay. And Mr. Rocha, are you a U.S. citizen?

DEFENDANT ROCHA: Yes, ma'am.

THE COURT: Okay. And for you, Mr. Quintanilla, because you're not a citizen of the United States but you were arrested here, you do have the right to have the consulate of your native country notified so the consulate can take steps to assist you if it wants to. This might have already been done in your case. But if it's not yet been done, you can talk to your attorney about it, and your attorney can help you to make that notification. Okay. You understand?

DEFENDANT QUINTANILLA-CHAVEZ: Yes.

THE COURT: The last matter to address is the matter of your detention. In federal court, when you're arrested on a federal charge, generally there's a presumption that defendants

will be released on conditions of bond unless they pose a risk of not appearing for court or being a danger to the community.

In both of your cases the government has filed motions to detain you pending your trial. So I have to set your case for a detention hearing. That's what we call a bond hearing in federal court. I'm going to set it at the same time that I set your preliminary hearing. You can talk to your attorney in advance, you know, of both those hearings and decide if you're going to have them or waive them.

The government will be required to prove at your detention hearing that there's no set of conditions the Court could impose that would reasonably assure your appearance and the safety of the community if you were to be given a bond.

I have dates for those hearings for you. You are both scheduled for preliminary and detention hearings on Thursday, June 26th at 10:00 a.m.

Do you have any questions, Mr. Quintanilla?

DEFENDANT QUINTANILLA-CHAVEZ: No.

THE COURT: Mr. Rocha?

DEFENDANT ROCHA: (Inaudible).

THE COURT: Okay. Then at this time the defendants are remanded to the custody of the marshals. And we're in recess. Thank you.

** * **

*(2:32 p.m.)*

-oOo-

I, court approved transcriber, certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

Date: 2/23/2026 /s/ Chris Poage
Approved Transcriber