UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA )
)
v. ) No. 5:25-cr-00388-XR-1
)
JAIME ALBERTO QUINTANILLA-CHAVEZ, ) San Antonio, Texas
) August 6, 2025
Defendant. )
)

TRANSCRIPT OF BOND STATUS HEARING
BEFORE THE HONORABLE ELIZABETH S. CHESTNEY
UNITED STATES MAGISTRATE JUDGE

FOR THE DEFENDANT:
Marina Thais Douenat
Federal Public Defender's Office
300 Convent Street, Suite 2300
San Antonio, TX 78205

COURT RECORDER: FTR Gold

Proceedings reported by electronic sound recording. Transcript produced by computer-aided transcription.

*(10:06 a.m.)*

THE COURT: You may be seated.

THE CLERK: United States of America v. Jaime Alberto Quintanilla-Chavez, SA:25-CR-388.

MS. DOUENAT: Marina Douenat on behalf of Mr. Quintanilla-Chavez, Your Honor. We're present and ready.

THE COURT: All right. And we're here today, the government was excused, to set conditions. And I know that we continued this once previously, but we're ready to proceed today, Ms. Douenat?

MS. DOUENAT: Yes, Your Honor. He did -- his family did talk to Javier Maldonado, who's going to be representing him in immigration court. And he also was able to get married as well. So --

THE COURT: Congratulations.

MS. DOUENAT: -- we're ready to proceed.

THE COURT: I'm going to go over these conditions then.

And Pretrial, if there's anything that I'm missing or that you think that I didn't explain right, just let me know.

So Mr. Quintanilla, the first few conditions that are imposed by the Court are imposed on everyone who's released by the Court. And they include that you cannot violate federal, state or local law while you're on bond. If it were required in your case, you'd have to cooperate in the collection of a

DNA sample.

Before you change your telephone number or your residence, you have to notify the pretrial services officer or the Court in writing. You have to appear in court when you're ordered to for any -- you know, any hearings or the trial. And if you are ordered to serve time in prison, you'd have to surrender to serve that sentence.

You're going to sign an appearance bond, and that's going to be a $50,000 bond secured by a ten-percent down payment.

MS. DOUENAT: And we have that. Ms. Rosalinda Munguia is here with a $5,000 cashier's check. I'm assuming she just goes down to the district clerk's, right?

THE COURT: I believe so.

MS. DOUENAT: Okay.

THE COURT: Is that right, Ms. Chaparro?

THE CLERK: Yes.

THE COURT: There's someone down there --

MS. DOUENAT: And I'll take her down there.

THE COURT: -- who handles the checks.

MS. DOUENAT: Thank you.

THE COURT: Okay. She's going -- the defendant is going to be placed into the custody of Tatiana Acevedo-Herrera.

And are you here, Ms. Acevedo?

MS. DOUENAT: She is. She was parking --

THE COURT: Okay.

MS. DOUENAT: -- a few minutes ago. So she'll be here.

THE COURT: All right. Well, I'll just ask you, Ms. Douenat, go over the responsibilities of a third-party custodian with her so that she understands what they are.

MS. DOUENAT: I will.

THE COURT: You're going to submit to supervision by pretrial services as directed. Just comply with your pretrial officer's directions. If you have a passport, surrender it to pretrial services. If you don't have a passport, don't obtain it or any other international travel documents. You're going to reside at an address approved by pretrial services. You may not travel outside of Bexar County without first getting permission from pretrial services. No foreign travel while you're on bond.

You may not possess firearms, destructive devices or weapons. You may not drink excessively. You are going to participate in a location restriction program, basically home monitoring. And how this will work is you're going to wear a GPS monitor and be on home detention, which means you're supposed to be at home unless -- except for certain categories of things, like employment, education, church, medical appointments, substance abuse appointments, attorney visits, mental health visits, any court-ordered obligations. And that means court ordered by this Court or court ordered by any

court. And so if you need to do something else outside of those categories, you have to get pretrial's permission in advance.

If you're able to pay for the cost of location monitoring, then you will pay all or a portion of it. And as soon as possible, any contact that you have with law enforcement, you should report to your pretrial services officer. So even if that's just a questioning or a traffic stop, let them know right away. And that should be -- and then the other thing that I will just say is, we don't say it in here, but I am going to add, comply with the requirements of and orders of the immigration court as well, because I know you're working on --

MS. DOUENAT: Yes.

THE COURT: -- figuring that out.

Okay. Then the last thing that I have to do is just to go over the consequences of what can happen if you were to violate any of your bond conditions. The first thing that could happen is a warrant could be issued for your arrest, and you could be placed in jail -- oop, I forgot something.

PRETRIAL OFFICER: Yes, Your Honor. Sorry. The other condition I believe we're recommending was just that Rosalinda be a co-surety as well -- to sign as a co-surety.

THE COURT: Okay.

PRETRIAL OFFICER: And then (inaudible) as a third party.

THE COURT: Let me see if I have that in here.

MS. DOUENAT: And the wife just entered the courtroom, Your Honor.

THE COURT: Okay. All right. So I have -- Ms. Acevedo, you are going to be the third-party custodian in this case. That means when your husband is on bond, it's going to be your responsibility to help make sure that he complies with all the requirements that I just went over with him, primarily that he shows up for court when he's supposed to and follows the directions of pretrial services. Ms. Douenat will go over everything with you in more detail.

Okay. So you had said for -- let me just make sure I have this in the right place. You're going to have the co-surety be both of them or just one of them?

PRETRIAL OFFICER: The co-surety would just be Ms. Rosalinda Ortiz, is my understanding. I believe she's the one that's supposed to --

MS. DOUENAT: Yeah. It's Ms. Munguia, is her last name.

THE COURT: Can you spell that for me?

MS. MUNGUIA: M-U-N-G-U-I-A.

THE COURT: Okay. Rosalinda?

MS. MUNGUIA: Yes, ma'am.

THE COURT: Okay. All right. So as I was saying, there's a few things I have to go over with you that can happen

if you were to violate your bond conditions. First, a warrant could be issued for your arrest, and you could be placed in jail. Second, you could be held in contempt of court. Third, your bond could be revoked, and then you'd be -- you'd lose the deposit, and you'd be liable to the United States for that entire $50,000.

Also, if you fail to appear in court when you're ordered to, that's not only a violation of your bond conditions, but it's another charge that could be brought against you. And if you were convicted of it, it could carry a separate term of imprisonment as a consequence.

I already mentioned you could be held in contempt of court. You also cannot commit obstruction of justice. Obstruction of justice is a crime that -- when defendants interfere in the prosecution or investigation of their case by attempting to influence witnesses or tamper with evidence or anything like that. If you have questions about your case, talk to Ms. Douenat. Okay?

Also, I did already tell you that you can't commit any new offenses while you're out on bond. Of course, you could be charged with those new offenses if you committed them. But also, it's a separate crime to commit an offense while on bond, that you could be charged with. Okay? You understand that too?

THE DEFENDANT: (No audible response).

THE COURT: All right. Then I'm going to leave all of this up here for you, Ms. Chaparro. If anything -- just take a look at that paperwork, because I filled in the co-surety part, to make sure that it looks correct.

THE CLERK: Yes.

THE COURT: Okay. All right. And then I believe the defendant's going to be released from here today; is that correct? Or is he coming back again?

PRETRIAL OFFICER: It would be tomorrow --

THE COURT: Tomorrow, bag and baggage?

PRETRIAL OFFICER: Yes.

THE COURT: Okay. All right. So we'll get everything executed, and then you'll go back and get your belongings brought over here. The monitor will be put on tomorrow, and then you'll be released from here. All right?

Thank you. And we're in recess.

MS. DOUENAT: Thank you.

* * *

*(10:14 a.m.)*

-oOo-

I, court approved transcriber, certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

Date: 2/23/2026 /s/ Chris Poage
Approved Transcriber